NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CINDEE CORLISS, an individual; THE ESTATE OF SARA MARIE CORLISS, By and Through the Representative of the Estate, CINDEE CORLISS,<br><br>    Plaintiff,<br>    v.<br><br>COUNTY OF LOS ANGELES, a public entity; JIM MCDONNELL, individually and in his Official Capacity as Chief Sheriff of the Los Angeles County Sheriff's Department; TERRI MCDONALD, individually and in her Official Capacity as Assistant Sheriff, Custody Operations of the Los Angeles County Sheriff's Department; CRDF DEPUTY DOE, an individual; and DOES 2-100, inclusive,<br><br>    Defendant. | Case No. 2:16-cv-2039 DSF (JPRx)<br>*[Hon. Dale S. Fischer; Magistrate Jean P. Rosenbluth]*<br><br>**PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**<br><br>Action Filed:   December 10, 2015 |

Plaintiffs CINDEE CORLISS and THE ESTATE OF SARA MARIE CORLISS ("Plaintiffs"), by and through their attorneys, and defendants, COUNTY OF LOS ANGELES, JIM MCDONNELL, and TERRI MCDONALD ("Defendants"), by and through their attorneys, submitted a Joint Stipulation for Entry of Protective Order Re Confidential Documents before this Court.

The terms of the Protective Order are as follows:

1.      The parties hereby respectfully request that any documents produced by the defendants to plaintiffs pertaining to the investigation into the death of Sara Marie Corliss at Century Regional Detention Facility ("CRDF") on January 2, 2015 (hereinafter, the "incident"), be subject to the terms of Paragraphs 4 through 15 of this Stipulation and Protective Order.

## GOOD CAUSE STATEMENT

2.      The facts and circumstances which gave rise to this civil action took place during an incident involving the decedent Sara Corliss occurring at the Century Regional Detention Center on or about January 2, 2015.  Plaintiffs filed the First Amended Complaint on July 12, 2016.  Plaintiffs have alleged that the defendants failed to provide immediate medical care for the decedent Sara Corliss in violation of California Government Code §845.6.  Further Plaintiffs have also alleged theories of liability under 42 U.S.C. §1983 for loss of familial association, negligence (California Government Code §§ 815.2(a), 820(a), 844.6(d), failure to properly screen and hire and failure to properly train, supervise and discipline.

3.      The parties wish to have a protective order in place to control dissemination of the documents and other materials produced during the discovery period.  The parties also wish to avoid a motion to compel production of documents pertaining to any investigation into the January 2, 2015, incident, and are proceeding with this Stipulation for Protective Order in the interest of case momentum and of conserving judicial resources.

## TERMS OF THE PROTECTIVE ORDER

4.      The documents set forth in Paragraph 1 are deemed confidential by the parties, except to the extent set forth in the Stipulation and Order, and shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceedings, and not for any other purpose, including any other litigation, and may not be disclosed or disseminated to other persons, including any other counsel other than as set forth herein.

5. Plaintiffs' counsel alone will have custody, control and access to the documents, reports and writings, and will be prohibited from releasing or disseminating the reports or files, or the information contained within the reports or files to other persons including legal counsel other than set forth in Paragraph 9 herein.

6. Plaintiffs' counsel may make copies of the reports and files, but plaintiffs' counsel will be prohibited from releasing or disseminating such copies or the information contained within such copies other than as set forth herein.

7. The documents identified in Paragraph 1 may be submitted in all law and motion proceedings if done so pursuant to Local Rule 79-5.

8. All disputes regarding this Protective Order shall be handled pursuant to Local Rule 37.

9. The documents may be disclosed to the following persons:

    (a) counsel for any party to this action;

    (b) paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph (a);

    (c) court personnel including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;

    (d) any outside expert or consultant retained in connection with this action, and not otherwise employed by either parties; and

    (e) any "in-house" or outside experts designated by the defendants to testify at trial in this matter.

10. Any documents so disclosed will explicitly require inclusion of a copy of this Stipulation and Protective Order and written instructions from counsel directing compliance with same.

11. If, in connection with any deposition taken in this action, plaintiffs' attorneys question a witness regarding materials subject to this Stipulation and Protective Order, or uses confidential material as deposition exhibits, at the request

1  of defense counsel, the relevant portions of the transcripts of such deposition
2  testimony and the exhibits attached to the deposition transcript shall be designated
3  as confidential material and shall be subject to the provisions of this Stipulation and
4  Protective Order.

5       12.    The purpose of this Stipulation and Order is not intended to prevent
6  employees of the County of Los Angeles from having access to the documents if
7  they would have had access in the normal course of their job duties.

8       13.    Defendants' decision to enter into this Stipulation and Protective Order
9  is made without waiver of the privileges and rights afforded to them, including, but
10 not limited to, the right to privacy embodied by the United States Constitution or the
11 right to object at the time of trial to the admissibility of such or to preclude
12 defendants from filing pre-trial motions with regard to the admissibility thereof or
13 the information contained therein.

14      14.    Plaintiffs' counsel agrees to maintain the documents in agreement with
15 the terms of this Stipulation and Order.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  ///

2      15.    The provisions of this Order shall be in effect until further Order of the Court or Stipulation by counsel for the parties.

The Court has read and considered all of the papers filed in support of this stipulation. Good cause appearing, this Court makes the following orders.

IT IS SO ORDERED.

**DATED: February 14, 2017**      _____

                                    Magistrate Judge Jean P. Rosenbluth

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER RE PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

6

1   *Respectfully Submitted by:*

2   Minas Samuelian, Esq.  (State Bar No. 242804)
    Robert E. Murphy, Esq.  (State Bar No. 103936)
3   Andrew M. Mallett, Esq.  (State Bar No. 283345)
    **MANNING & KASS**
4   **ELLROD, RAMIREZ, TRESTER LLP**
    801 S. Figueroa St, 15th Floor
5   Los Angeles, California 90017-3012
    Telephone: (213) 624-6900
6   Facsimile: (213) 624-6999
    *mxs@manningllp.com; rem@manningllp.com*
7   *azm@manningllp.com*

8   Attorneys for Defendant
    COUNTY OF LOS ANGELES, JIM MCDONNELL, and TERRI MCDONALD